## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**BRENDA WATSON, on behalf of
herself and on behalf of all others
similarly situated,**

      **Plaintiff,**           **Case No.:**

**v.**

**VILLAGES TRI-COUNTY MEDICAL
CENTER, INC.,**

      **Defendant.**

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRENDA WATSON ("Plaintiff"), by and through undersigned counsel, on behalf of herself and on behalf of all others similarly situated, brings this action against Defendant, VILLAGES TRI-COUNTY MEDICAL CENTER, INC. ("Defendant"), and in support of her claims states as follows:

### JURISDICTION AND VENUE

1.    This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay a minimum wage, failure to pay overtime wages under 29 U.S.C. § 215(a)(3), and unpaid wages. This Complaint is filed as a collective action under 29 U.S.C. § 216(b).

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3.    Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Sumter County, Florida, which lies within the Middle District.

## PARTIES

4.     Plaintiff is a resident of Sumter County, Florida.

5.     Defendant VILLAGES TRI-COUNTY MEDICAL CENTER, INC. operates a hospital in The Villages, in Sumter County, Florida.

## GENERAL ALLEGATIONS

6.     Plaintiff has satisfied all conditions precedent, or they have been waived.

7.     Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8.     Plaintiff requests a jury trial for all issues so triable.

9.     At all times material hereto, Named Plaintiff BRENDA WATSON was employed by Defendant as a registered nurse.

10.     The putative class of similarly situated employees consists of all other nurses, and certified nurse assistants ("CNA"), employed by Defendant within the last three years. These similarly situated persons will be referred to as "Members of the Class" or "the Class."

11.     At all times material hereto, Plaintiff and Members of the Class were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

12.     At all times material hereto, Plaintiff and Members of the Class were "employees" of Defendant VILLAGES TRI-COUNTY MEDICAL CENTER, INC. within the meaning of the FLSA.

13.     At all times material hereto, Defendant VILLAGES TRI-COUNTY MEDICAL CENTER, INC. was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

14.     Defendant VILLAGES TRI-COUNTY MEDICAL CENTER, INC. continues to be an "employer" within the meaning of the FLSA.

2

15.     At all times material hereto, Defendant VILLAGES TRI-COUNTY MEDICAL CENTER, INC. was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

16.     At all times relevant to this action, Defendant VILLAGES TRI-COUNTY MEDICAL CENTER, INC. engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

17.     At all times relevant to this action, the annual gross sales volume of Defendant VILLAGES TRI-COUNTY MEDICAL CENTER, INC. exceeded $500,000 per year.

18.     Specifically, Plaintiff and the Class were not employed by Defendant in a bona fide administrative, executive, or professional capacity.  In particular, Plaintiff and Members of the Class had no authority to hire or terminate any other employee of Defendant; they had no special or professional qualifications and skills for the explicit use of which they were employed by Defendant; and they had no control whatsoever over Defendant's business operations, even from an administrative standpoint.

19.     Thus, Plaintiff and Members of the Class are "non-exempt employees" who are covered by the FLSA.

20.     At all times material hereto, the work performed by Plaintiff and Members of the Class was directly essential to the business performed by Defendant.

## FACTS

21.     Plaintiff BRENDA WATSON began working for Defendant as a nurse in March 2013, and she still works in this capacity.

3

22.     At all times material hereto, Plaintiff and Members of the Class worked hours at the direction of Defendant, and they were not paid at least the applicable minimum wage for all of the hours that they worked.

23.     At various times material hereto, Plaintiff and Members of the Class worked hours in excess of forty (40) hours within a work week for Defendant, and they were entitled to be paid an overtime premium equal to one and one-half times their regular hourly rate for all of these hours.

24.     By failing to accurately record all of the hours worked by Plaintiff and Members of the Class, Defendant has failed to make, keep, and preserve records with respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA. See 29 C.F.R. § 516.2.

25.     Specifically, Plaintiff and members of the Class were required to take and maintain an Advanced Cardiovascular Life Support ("ACLS") class license.  The ACLS is a six hour instructional course.

26.     All critical care nurses are required by Defendant to take the ACLS course and retain ACLS certification.  All nurses are required to take the Basic Life Support ("BLS") course.  This class includes a two hour instruction.

27.     According to Defendant's policies, if Plaintiff or any member of the class does not get the ACLS certification then they will not be able to continue their employment.

28.     Defendant does not pay individuals for all hours required to take the individual classes.

4

29.     Nurses are not required by law to maintain an ACLS certification.   However, Defendant had a duty to pay nurses for in-class time in order to maintain ACLS certification because Defendant required nurses to obtain ACLS certification in order to retain their employment.  Defendant failed to pay Plaintiffs for hours while in ACLS class.

30.     Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

31.     Plaintiff brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendant (the "Class") pursuant to 29 U.S.C. § 216(b).  The Class is composed of nurses whom Defendant failed to compensate for all overtime hours worked in accordance with the FLSA.

32.     Therefore, notice is properly sent to: "All nurses whom Defendant failed to compensate for all of the overtime hours that they worked from May 2016 to the present."

33.     The total number and identities of the Class members may be determined from the records of Defendant, and the Class may easily and quickly be notified of the pendency of this action.

34.     Plaintiff is similar to the Class because she and the Class have been unlawfully denied full payment of their overtime wages as mandated by the FLSA.

35.     Plaintiff's experience with Defendant's payroll practices is typical of the experiences of the Class.

36.     Defendant's failure to pay all overtime wages due at the premium rates required by the personal circumstances of the named Plaintiff or of the Class is common to the Class.

5

37.     Defendant's failure to pay all wages due at a rate that was at least equal to the applicable statutory minimum wage is common to the Class.

38.     Defendant's practice of making unlawful deductions from wages in violation of the FLSA is common to the Class.

39.     Overall, Plaintiff's experience as a nurse who worked for Defendant is typical of the experience of the Class.

40.     Specific job titles or job duties of the Class do not prevent collective treatment.

41.     Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendant's liability under the FLSA in this case.

## COUNT I – FLSA OVERTIME VIOLATIONS

42.     Plaintiff realleges and readopts the allegations of Paragraphs 1 through 30 of this Complaint, as fully set forth herein.  Plaintiff brings this action on behalf of herself and all other similarly situated employees in accordance with 29 U.S.C. § 216(b).  Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

43.     During the statutory period, Plaintiff and the Class worked overtime hours while employed by Defendant, and they were not properly compensated for all of these hours under the FLSA.

44.     Defendant failed to compensate Plaintiff and the Class for all of the overtime hours that Plaintiff and the Class worked.

45.     The Members of the Class are similarly situated because they were all employed as nurses by Defendant, were compensated in the same manner, and were all subject to Defendant's common policy and practice of failing to pay its nurses for all of the overtime hours that they worked in accordance with the FLSA.

46.     This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1). As a result, Plaintiff and the Members of the Class are individually entitled to an amount equal to their unpaid overtime wages as liquidated damages.

47.     All of Defendant's conduct, as alleged and described above, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

48.     As a result of the foregoing, Plaintiff and the Class have suffered damages.

**WHEREFORE**, Plaintiff and all similarly situated employees who join this collective action demand:

(a)     Designation of this action as a collective action on behalf of the Plaintiff and the prospective Class that she seeks to represent, in accordance with the FLSA;

(b)     Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c)     Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d)     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e)     Judgment against Defendant for an amount equal to the unpaid overtime wages of Plaintiff and all opt-in Members of the Class, at the applicable overtime rate;

(f)     A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g)     Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiff and all opt-in Members of the Class at the applicable overtime rate, as liquidated damages;

(h)     Judgment against Defendant stating that their violations of the FLSA were willful;

(i)     To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j)     All costs and attorney's fees incurred in prosecuting these claims; and

(k)     For such further relief as this Court deems just and equitable.

## COUNT II – FLSA MINIMUM WAGE VIOLATION

49.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

50.     During the statutory period, Plaintiff and the Class worked for Defendant, and they were not paid the applicable federal minimum wage for the hours that they worked, as mandated by the FLSA.

51.     Defendant failed to compensate Plaintiff and the Class at a rate that was at least equal to the applicable federal minimum wage.

52.     The Members of the Class are similarly situated because they were all employed as nurses by Defendant, were compensated in the same manner, and were all subject to Defendant's common policy and practice of failing to pay its nurses at a rate that was at least equal to the applicable federal minimum wage, in accordance with the FLSA.

53.     This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 206(a)(1)(C).  As a result, Plaintiff and the Members of the Class who have opted in to this action are each entitled to an amount equal to their unpaid minimum wages as liquidated damages.

54.     All of Defendant's conduct, as alleged and described above, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

55.     As a result of the foregoing, Plaintiff and the Class have suffered damages.

*WHEREFORE*, Plaintiff and all similarly situated employees who join this collective action demand:

(a)     Designation of this action as a collective action on behalf of the Plaintiff and the prospective Class that she seeks to represent, in accordance with the FLSA;

(b)     Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

9

(c)    Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d)    Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e)    Judgment against Defendant for an amount equal to the unpaid minimum wages of Plaintiffs and all opt-in Members of the Class;

(f)    A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g)    Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiff and opt-in Members of the Class at the applicable statutory minimum wage, as liquidated damages;

(h)    Judgment against Defendant stating that its violations of the FLSA were willful;

(i)    To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j)    All costs and attorney's fees incurred in prosecuting these claims; and

(k)    For such further relief as this Court deems just and equitable.

### COUNT III – UNPAID WAGES UNDER FLORIDA COMMON LAW

56.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

57.    During the statutory period, Plaintiff worked for Defendant, and Defendant agreed to pay Plaintiff for Plaintiff's services.

58.     Defendant failed to pay Plaintiff all "wages" owed to Plaintiff, including Plaintiff's time spent in ACLS class.

59.     As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issue, and that this Court take jurisdiction over the case;

c)     Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages;

d)     All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08; and

e)     For such further relief as this Court deems just.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this ___ day of October, 2019.

Respectfully submitted,

**CHRISTOPHER J. SABA**
Florida Bar Number: 0092016
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-321-4086
Facsimile: 813-229-8712
Email: csaba@wfclaw.com
Email: tsoriano@wfclaw.com
**Attorneys for Plaintiff**