# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**BRENDA WATSON, on behalf of herself and on behalf of all others similarly situated,**

    Plaintiff,                          Case No.: 5:19-cv-00515-JSM-PRL

v.

**VILLAGES TRI-COUNTY MEDICAL CENTER, INC.,**

    Defendant.

_____/

## JOINT MOTION FOR FINAL APPROVAL OF COLLECTIVE ACTION SETTLEMENT

Plaintiffs and Defendant, hereby jointly file this Motion for Final Approval of the Parties' FLSA Collective Action Settlement. On January 27, 2021, this Court issued an Order preliminarily approving the Settlement Agreement between Plaintiffs, on behalf of the Collective Members, and Defendant. (Doc. 42). Notice was sent to the Collective Members and their reaction to the Settlement was positive.

In sum, little has changed since the Court's Order granting the Plaintiffs' Motion for Preliminary Approval of the Settlement, confirming that the Settlement is fair, reasonable, and adequate, and warrants final approval. For these reasons, Plaintiffs respectfully request this Court grant final approval of the Parties'

1

Collective Action Settlement. A proposed Order granting this Motion is attached as Exhibit A.

## I. General Overview.

This is a collective action to enforce the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"). Defendant operates a hospital in Sumter County, Florida. Named Plaintiff, Brenda Watson, began working for Defendant as a registered nurse in 2013 and is still employed by Defendant today. She brings this action on behalf of herself and a group of similarly-situated registered nurses ("RNs"), licensed practical nurses ("LPNs"), and certified nurse assistants ("CNAs") employed by Defendant who were not paid minimum wage or overtime (time-and-a-half) for hours spent taking Advanced Cardiovascular Life Support ("ACLS") and Basic Life Support ("BLS") classes required by Defendant.

Plaintiff's counsel has already been retained by a total of three Plaintiffs, including named Plaintiff Brenda Watson, along with opt-in Plaintiffs Mary Hayes and Julie Widman. Each of these Plaintiffs have consented to join this action by virtue of completing the consent forms that have been or will be filed in this lawsuit. Additionally, Named Plaintiff Brenda Watson and Opt-in Plaintiffs Mary Hayes and Julie Widman have also filed sworn declarations in support of this Motion. Due to the uniform nature of Defendant's policies, there exists a class of similarly-situated RNs, LPNs, and CNAs who worked for Defendant who are owed minimum wage and overtime for hours spent taking ACLS and BLS classes which

were required by Defendant.

The Parties have engaged in early mediation of this case, prior to conducting discovery. The Parties have come to an agreement to resolve the case on a class-wide basis. There are 56 Collective Members. Accordingly, Plaintiffs now move this Honorable Court for final class certification of the following class:

> **Current and former registered nurses ("RNs), licensed practical nurses ("LPNs"), and certified nursing assistants ("CNAs") who worked for Defendant at The Villages Regional Hospital in The Villages, Florida from December 15, 2017, through December 15, 2020 who believe they were not paid minimum wage or overtime for hours spent taking Advanced Cardiovascular Life Support ("ACLS") and Basic Life Support ("BLS") classes required by Defendant.**

## II. Summary of the Settlement.

### A. Terms.

Defendant has agreed to create a settlement common fund of up to $143,750.00 ("the Fund"). The Fund will cover awards to class members. The Defendant has also agreed to pay $43,000.00 to Plaintiff's counsel for attorneys' fees and costs. At all times, the amount of attorneys' fees and costs was negotiated separately from the amount to resolve the Plaintiff and Class FLSA claims. Named Plaintiff, Brenda Watson, along with current Opt-in Plaintiffs, Julie Widman and Mary Hayes, will each receive $2,500.00 in exchange for a general release of claims. In addition to the Fund, Defendant is responsible for paying the employer's share of employment taxes, including federal and state payroll taxes, the employer's share of the FICA tax, and any federal and state unemployment tax due

on the portion of class members' settlement awards that is allocated to wages. Defendant is also responsible for paying the cost of administering the settlement.

### B. The Limited Release Applies Only to Wage Claims.

The Named Plaintiff and FLSA Class members who opt in to the settlement will release all Florida common law wage claims and release their FLSA claims if they file consent forms to opt-in to this lawsuit, thus satisfying the FLSA's opt-in mechanism.

### C. Allocation Formula.

Individual Settlement Payments will be paid to class members according to the "Allocation Formula" provided in the Parties' attached settlement agreement, to wit: 1) the Claims Administrator shall determine, based upon information provided by the Defendant, whether a Settlement Participant took one or more BLS or ACLS class during the Covered Period; 2) CNA's who took one or more BLS or ACLS class during the Covered Period shall be compensated based upon the average hourly rate of $13.82 for 2 hours of time for any BLS class taken and/or 6 hours of time for any ACLS class taken; 3) LPN's who took one or more BLS or ACLS class during the Covered Period shall be compensated based upon the average hourly rate of $18.97 for 2 hours of time for any BLS class taken and/or 6 hours of time for any ACLS class taken; 4) RN's who took one or more BLS or ACLS class during the Covered Period shall be compensated based upon the average hourly rate of $32.10 for 2 hours of time for any BLS class taken and/or 6 hours of time for any ACLS class taken.

Pursuant to the allocation formula, the average gross payment to Settlement Participants is $256.01. Importantly, this is a "claims made" settlement, meaning class members are required to opt-in to the lawsuit as a condition of receiving their Individual Settlement Payment.

### E. Attorneys' Fees and Costs.

The Parties have separately negotiated an amount of $43,000.00 to be paid to Plaintiff's counsel for attorneys' fees and costs. At all times, the amount of fees and costs was separately negotiated from the amounts owed to Plaintiff and the putative class.

### F. Separate Consideration for General Release.

In addition to their individual award under the allocation formula, Watson, Hayes, and Widman will receive an additional payment in the amount of $2,500 in exchange for a separate general release. The Parties hereby agree and affirm that the waiver of claims set forth in this separate agreement was negotiated without regard to Plaintiff's FLSA claim, and that in exchange for the releases contained therein Plaintiff is receiving additional consideration to which she would not otherwise be entitled.

### G. The Court's Order granting Preliminary Approval of the Settlement.

On January 27, 2021, this Court granted Plaintiff's Unopposed Motion for Approval of the Settlement. (Doc. 42). On January 28, 2021, this Court issued an Order preliminarily approving the Certification of the Class, Collective Action

Settlement, and the Notice to Collective Members. (Doc. 43). Notice was then mailed out by the Settlement Administrator, as explained further below.

### III. Pursuant to *Lynn's Foods*, the Court Should Also Approve the Parties' FLSA Portion of the Settlement Agreement.

It is well accepted that an FLSA settlement not supervised by the U.S. Department of Labor should be approved by a court if it is a fair and reasonable resolution of a bona fide dispute. *See Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1355-55 (11th Cir. 1982). If an FLSA settlement reflects "a reasonable compromise over issues," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is a fair and reasonable resolution, the Florida district court typically adopts the following factors used in approving the settlement of class actions:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010) (citing *Leverso v. South Trust Bank of Ala., Nat.'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). As is discussed below, each of these factors is satisfied.

#### A. There Is No Fraud or Collusion Behind the Settlement.

Courts have found no fraud or collusion where both parties were represented by counsel, and the amount to be paid to plaintiffs seemed fair. *See Bonilla v.*

*Shiner's Car Wash*, 2014 U.S. Dist. LEXIS 66297, at * 5 (M.D. Fla. 2014). Here, each party was independently represented by counsel with substantial experience litigating FLSA claims. Counsel vigorously advocated on behalf of their respective clients, and the settlement was reached with the assistance of a third-party mediator. There was no fraud or collusion behind the settlement.

      **B.**    **The Complexity, Expense, and Length of Future Litigation Militate in Favor of the Settlement.**

Continuing to litigate the claims the Parties have resolved and for which the parties now seek Court approval would require both sides to incur significant additional fees at trial. Both sides would bear some risk if the claims that have been settled proceeded to trial, and on appeal. Plaintiff and the Settlement Participants would risk recovering nothing, and Defendant would risk the possibility of an adverse judgment and fee award. The losing side at trial would likely appeal, further lengthening the litigation. It is in the best interests of all the Parties to settle — rather than continuing to litigate — this matter. *See Pacheco v. JHM Enterprises, Inc.* 2006 WL 948058 at *2 (M.D. Fla. Apr. 12, 2006) ("[T]he Court is aware, as the parties must also be, that a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir. 1995).

7

### C. The Stage of the Litigation Weighs in Favor of Approval of the Settlement.

Each side was aware of the other's factual and legal arguments, along with the evidence supporting same, when the proposed settlement was reached. The Parties were in a position to thoroughly evaluate the merits of their respective claims and defenses and the costs of continuing to litigate when the matter was resolved. Furthermore, the Parties resolved this case with the assistance of an experienced, neutral third-party mediator.

### D. Plaintiffs' Probability of Success on the Merits Is Uncertain.

As discussed above, Plaintiffs' probability of success on the merits is not a certainty. Defendant contends that Plaintiff and the Settlement Participants were properly compensated for all hours worked. But, settlement mitigates against the risk that Plaintiff and Settlement Participants might recover nothing if they proceeded to trial, while Defendant can avoid incurring more fees and costs while also obtaining an outcome certain.

### E. The Settlement Is Within the Reasonable Range of Recovery.

Under the terms of the Settlement, Settlement Participants will receive between $13.82 per hour and $32.10 per hour for either 2 or 6 hours of work, based on their position and number of classes taken. Given that the potential recovery in this action could be zero based on Defendant's defenses, the payments to the

Settlement Participants are reasonable when compared to the range of possible recovery in this Action.

### F. The Parties Weighed the Opinions of Counsel in Deciding Whether to Settle.

The Parties agree they weighed the opinions of their respective counsel in deciding whether to settle and used the services of a third-party mediator in assessing the strengths and weaknesses of their respective positions. This also weighs in favor approving the settlement. *See Dees*, 706 F. Supp. 2d at 1241 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable."). Further, the settlement does not require Settlement Participants to agree to any terms, such as confidentiality, non-participation in other claims, or a prospective waiver of any rights, that this Court has previously ruled to be impermissible in the context of an FLSA settlement. *See Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).

In sum, for all of the above reasons, the Settlement constitutes a fair and reasonable resolution of a bona fide dispute.

### V. The Attorneys' Fees to Be Paid as Part of the Settlement Are Fair and Reasonable.

Finally, the Settling Parties agree that the amount allocated to Plaintiffs' counsel for attorneys' fees and costs ($43,000.00), is fair and reasonable. The Settling Parties advise the Court that the attorneys' fees and costs to be paid by Defendant under the Agreement are not based upon the amounts claimed to be

owed to each Settling Plaintiff, such that there is no correlation between the amount of consideration to be paid to the Settling Plaintiffs and the attorneys' fees and costs to be paid by Defendant. Rather, the attorneys' fees and costs in this case were analyzed and reviewed in addition to — and completely separate from — the specific amounts claimed by each of the Plaintiffs. As explained in *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009):

> [T]he plaintiff's attorney's fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of the fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel. However, if the parties can only agree as to the amount to be paid to the plaintiff, the Court will continue the practice of determining a reasonable fee using the lodestar approach.

751 F. Supp. 2d at 1228; *see also Dees*, 706 F. Supp. 2d at 1243 (quoting *Bonetti*).

Such is the case here. The attorneys' fees and costs allocated to Plaintiffs' counsel were negotiated separately from the amount to be paid to Plaintiffs and without regard to the amount that Defendant had agreed to pay to the Settling Plaintiffs. As such, the recovery by the Plaintiffs was not adversely affected by the amount of the attorneys' fees and costs paid to their counsel.

### VI. <u>**CONCLUSION**</u>.

For all of above reasons, the parties respectfully requests that the Court grant final approval of the settlement and enter the Proposed Order attached as Exhibit A.

## **LOCAL RULE 3.01(g) COMPLIANCE**

Pursuant to Local Rule 3.01(g), Counsel for the parties have conferred with each other and are in agreement with respect to the relief sought in this Motion.

DATED this 26TH day of May, 2021.

Respectfully submitted,

| **Wenzel, Fenton, Cabassa, P.A.** | **Bales Sommers & Klein, P.A.** |
|---|---|
| *Counsel for Plaintiff, Brenda Watson* | *Counsel for Defendant, The Villages Tri-County Medical Center, Inc.* |
| 1110 North Florida Avenue | One Biscayne Tower |
| Suite 300 | 2 South Biscayne Blvd. Suite 1881 |
| Tampa, Florida 33602 | Miami, Florida 33131 |
| Telephone: (813) 321-4086 | Telephone: (305) 372-1200 |
| Facsimile: (813) 229-8712 | Facsimile: (305) 372-9008 |
| Email: casba@wfclaw.com | E-Mail(s): jklein@bsklawyers.com |
| tsoriano@wfclaw.com | rbalesjr@bsklawyers.com |
| | |
| By:   */s/Christopher J. Saba* | By:   */s/Jason Klein* |
| Christopher J. Saba, Esq. | Jason Klein, Esq. |
| Florida Bar No.: 92016 | Florida Bar No.: 129097 |

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to all counsel of record via the Court's CM/ECF filing system.

/s/ *Christopher J. Saba*
**CHRISTOPHER J. SABA**