UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**BRENDA WATSON, on behalf of herself and on behalf of all others similarly situated,**

      Plaintiff,                   Case No.: 5:19-cv-515-JSM-PRL

v.

**VILLAGES TRI-COUNTY MEDICAL CENTER, INC.,**

      Defendant.
_____/

**ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF COLLECTIVE ACTION SETTLEMENT**

The above-entitled matter came before the Court on the Parties Joint Motion for Final Approval of Collective Action Settlement ("Motion for Final Approval") (Doc. 97), filed on May 26, 2021.

On January 27, 2021, this Court granted Plaintiff's Unopposed Motion for Approval of the Settlement. (Doc. 42). On January 28, 2021, this Court issued an Order preliminarily approving the Certification of the Class, Collective Action Settlement, and the Notice to Collective Members. (Doc. 43). Notice was then mailed out by the Settlement Administrator. The Court finds that the Notice to the Settlement Class substantially in the form approved by the Court in its Preliminary Approval Order was given in the manner ordered by the Court, constitutes the best practicable notice, and was fair, reasonable, and adequate. As such,

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Motion is **GRANTED**.

2. All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with the Court.

3. The Court has subject matter jurisdiction to approve the Settlement Agreement, including all Exhibits thereto, and to enter this Final Order and Judgment, and the Named Plaintiffs have Article III standing. Without in any way affecting the finality of this Final Order and Judgment, this Court hereby retains jurisdiction for up to one (1) year as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and Judgment, and for any other necessary purpose.

4. The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Action") and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the Parties had engaged in mediation and extensive settlement discussions and after the exchange of information, including information about the size and scope of the Settlement Class. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

5. The Settlement Agreement is finally approved in all respects as fair and reasonable in accordance with Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

6. The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

7. The Court approves the distribution of the Settlement Fund, as described in the Settlement Agreement, as fair, reasonable, and adequate, and the Settlement Administrator is authorized to distribute the Settlement Fund in accordance with the terms of the Settlement Agreement.

8. The Parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

9. The terms of the Settlement Agreement and of this Final Order and Judgment, including all Exhibits thereto, shall be forever binding on the Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

10. Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

11. This Action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against Plaintiffs and

all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

      12.    The Court maintains jurisdiction over this case for up to one (1) year to enforce the terms and conditions of the Settlement Agreement if needed.

      13.    The Clerk is directed to close the case.

DONE and ORDERED this 27th day of May, 2021.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE